UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:18-CV-01097-ORL-40DCI

FILED
2018 JUL -9 PM 3: 52
DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MICHAEL SIMON,

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY and
AMERICAN EQUITY MORTGAGE, INC.,

    Defendants.
_____/

## COMPLAINT
{Jury Trial Demanded}

Plaintiffs, MICHAEL SIMON (Hereinafter "Plaintiff"), through undersigned counsel, sues Defendants, AETNA LIFE INSURANCE COMPANY and AMERICAN EQUITY MORTGAGE, INC., and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2. Venue is proper as the parties have contracted to bring any and all claims in the jurisdiction of this Court, or in the alternative, it is where Plaintiff, Michael Simon resides, and Defendant conducts business.

### CONDITIONS PRECEDENT

3. All conditions precedent to bringing this action including placing Defendant on written notice of the subject claim have been fully complied with by Plaintiff and/or have been waived by Defendants.

### PARTIES

4. That at all material times to this Complaint, Plaintiff, Michael Simon, was a

citizen and resident of Orange County, Florida.

5. At all times material, Defendant, AETNA LIFE INSURANCE COMPANY is and was a foreign company authorized to transact business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice.

6. At all times material, Defendant, AMERICAN EQUITY MORTGAGE, INC. is and was a foreign company authorized to transact business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

5. Patricia Simon was an employee of American Equity Mortgage, Inc.

6. Keith Graham, an employee/life insurance plan administrator of Defendant, AMERICAN EQUITY MORTGAGE, INC., was responsible for providing Ms. Simon with the application and all necessary documents, and communicating what the policy premiums were, and where and how policy payments would be accepted. This is confirmed within e-mails between Ms. Simon and Mr. Graham, which are attached hereto as Exhibit "A."

7. In or around June of 2017, Patricia Simon, submitted an Application for Insurance to Keith Graham, an employee/ life insurance plan administrator of Defendant, AMERICAN EQUITY MORTGAGE, INC. for the purchase of supplemental life insurance benefits with a $120,000.00 face value amount for benefits under Defendant, AETNA LIFE INSURANCE COMPANY and designated her son, Michael

Simon, as beneficiary of said insurance policy. A copy of said application is in the possession of Defendant(s) and will be produced through discovery.

8. Ms. Simon mailed her first premium payment of $107.16, and the check was accepted and cashed. Proof that the check was accepted and cashed is attached hereto as Exhibit "B."

9. Patricia Simon passed away on July 9, 2017.

10. At some point thereafter, Plaintiff, Michael Simon, notified Defendant, AETNA LIFE INSURANCE COMPANY, of Patricia Simon's death and submitted the requisite claim forms. A copy of said form(s) are in the possession of Defendant(s) and will be produced through discovery.

11. Instead of paying Plaintiff the proceeds of the life insurance policy, Defendant, AETNA LIFE INSURANCE COMPANY denied insurance coverage.

## COUNT I
## BREACH OF INSURANCE CONTRACT
### (Plaintiff vs. AETNA LIFE INSURANCE COMPANY)

12. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 11.

13. Defendant, AETNA LIFE INSURANCE COMPANY wrongfully denied insurance coverage to Plaintiffs.

**WHEREFORE**, Plaintiff, Michael Simon, demands damages, benefits, costs, interest and attorneys' fees pursuant to Fla. Stat. § 627.428.

## COUNT II
## ACTION FOR DECLARATORY RELIEF

14. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 11.

15. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201, et. seq.

16. Defendant has denied life insurance coverage and/or otherwise refuses to pay Plaintiff his benefits.

17. Defendant has denied insurance coverage claiming that Patricia Simon never submitted evidence of insurability and therefore Ms. Simon's coverage never went into effect, but Ms. Simon was never put on notice of this either by Mr. Graham, Defendant, AETNA LIFE INSURANCE COMPANY, or Defendant, AMERICAN EQUITY MORTGAGE, INC., and/or alternatively, said requirement was waived, and Defendant, AETNA LIFE INSURANCE COMPANY accepted and cashed premium payment(s).

18. There is a bona fide dispute between the parties hereto and Plaintiffs have and do raise justiciable issues as to the existence or non-existence of their rights, powers, obligations and legal relations with the Defendant(s), by virtue of the contract, actions of Defendant, the exhibits attached, the Complaint and applicable statutes of this state.

19. Plaintiffs are in doubt as to their rights, powers, obligations, and legal relations and there is an actual present need for a Declaratory Judgment as to the issues set forth herein.

**WHEREFORE**, Plaintiff, Michael Simon, demands a declaration of insurance coverage and further seeks costs, benefits, interest and attorneys' fees pursuant to Fla. Stat. § 627.428.

## COUNT III - ACTION FOR DECLARATORY RELIEF

20. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 11.

21. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201, et. seq.

22. When enrolling Ms. Simon for life insurance benefits, Mr. Graham failed to advise or provide Ms. Simon with information or documentation suggesting she was

required to submit Evidence of Good Health to be eligible for coverage, and waived any such requirement.

23. Mr. Graham, is an employee of Defendant, American Equity Mortgage, Inc., and thus American Equity Mortgage, Inc. is bound by the actions of their principal/agent, Mr. Graham.

24. Additionally, Mr. Graham, as Compensation and Benefits Administrator acted under the direction of the principal, Defendant Aetna Life Insurance Company.

25. Mr. Graham's authority to act on behalf of Aetna was both actual and apparent.

26. By way of the policy language, "Aetna will rely upon the representation of the employer as to your eligibility for coverage under this plan and as to any fact concerning such eligibility". This deliberately grants express and implied powers for to Mr. Graham and/or American Equity Mortgage, Inc. for him to act on Aetna Life Insurance Company's behalf.

27. When Mr. Graham exercised that actual authority, it was as if Aetna Life Insurance Company itself was acting, and Aetna Life Insurance Company is bound by the agent's acts and is legally responsible for them under the law.

28. When Mr. Graham did not require Ms. Simon to submit Evidence of Good Health, but proceeded to give Ms. Simon plan information and accept premiums, he acted on behalf of Defendant, Aetna Life Insurance Company and Defendant, American Equity Mortgage, Inc. and waived any condition precedent to be eligible for coverage.

29. There is a bona fide dispute between the parties hereto and Plaintiff has and does raise justiciable issues as to the existence or non-existence of his rights, powers, obligations and legal relations with the Defendant, by virtue of the contract, actions of Defendant, the exhibits attached, the Complaint and applicable statutes of this state.

30. Plaintiff is in doubt as to his rights, powers, obligations, and legal relations and there is an actual present need for a Declaratory Judgment as to the issues set forth herein.

WHEREFORE, Plaintiff, Michael Simon, demands a declaration of insurance coverage and further seeks costs, benefits, interest and attorneys' fees pursuant to Fla. Stat. § 627.428.

## COUNT IV - ACTION FOR EQUITABLE ESTOPPEL

31. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 11.

32. Ms. Simon believed she was covered under the subject policy due to representations by Mr. Graham, on behalf of American Equity Mortgage, Inc. and/or Aetna Life Insurance Company.

33. Ms. Simon made premium payments on the policy based on the aforementioned representations.

34. Plaintiff did not assist his mother in procuring additional life insurance because he also relied on the aforementioned representations and believed that Ms. Simon was covered under the subject policy.

35. Ms. Simon would not have made these payments and/or could have procured alternate life insurance if not for her reliance on the aforementioned.

36. Ms. Simon's loss of money spent on premiums, Plaintiff's not procuring alternate life insurance for his mother, and loss of life insurance proceeds were to his detriment based on his aforementioned reliance.

37. Injustice can be avoided only by enforcement of the conditions as Ms. Simon and Plaintiff understood them based on the statements and/or actions of Defendant, American Equity Mortgage, Inc. and/or Defendant, Aetna Life Insurance Company.

38. As a direct and proximate cause of Defendant, Aetna Life Insurance Company's, contest of the policy, Plaintiff has suffered damages, including compensatory and actual damage in excess of $75,000.00, exclusive of costs, attorney's fees and interest.

WHEREFORE, Plaintiff, Michael Simon, demands judgment against Defendants, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 26th day of June, 2018.

Respectfully Submitted,

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone:  (954) 515-5000
Facsimile:   (954) 659-1380

By: /s/ Sara Schafer
SARA SCHAFER, ESQ.
Florida Bar No. 84455
JASON TURCHIN, ESQ.
Florida Bar No. 585300